EPSTEIN v. SMITH.

(Supreme Court, Special Term, New York County.  September, 1909.)

1. MUNICIPAL CORPORATIONS (§ 689\*)—STREETS—AUTHORITY OF PARK COMMISSIONER—GRANTING RIGHT TO ERECT SEATS—JUDICIAL REVIEW.

   Under Greater New York Charter (Laws 1901, c. 466) § 612, as amended by Laws 1908, c. 135, § 1, empowering the park commissioner to construct seats, where he deems it proper to do so, on any part of the public streets immediately adjoining parkways, squares, and public places, where no appropriation is available to the commissioner for the erection of seats for the benefit of those wishing to review the parade of the Hudson-Fulton Celebration, his act in delegating the right to erect such seats to such persons and organizations as he deemed most peculiarly interested in the purposes of the celebration, no corrupt motive being shown, and no abuse of the right for the purpose of financial gain on the part of those persons or organizations to whom the right was delegated, will not be reviewed by the courts.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1480; Dec. Dig. § 689.\*]

2. MUNICIPAL CORPORATIONS (§ 689\*)—GRANT OF RIGHT TO USE STREET—PERSONS ENTITLED TO OBJECT—PRELIMINARY INJUNCTION—GROUNDS.

   Where a taxpayer, seeking a mandatory injunction to compel the park commissioner to revoke permits delegating the right to erect seats for the accommodation of persons wishing to review the parade in the Hud-

son-Fulton Celebration, showed no corrupt motive on the part of the commissioner in doing so, or any attempt at pecuniary gain on the part of the licensees, and it appeared that the commissioner had been vigilant in refusing licenses to persons and organizations which sought to procure pecuniary advantages therefrom, and that the licensees are organizations of a patriotic character, and that no pecuniary advantages are being obtained from the licenses, and that the seats are temporary in character and will continue only for a few days, he failed to show himself beyond a doubt entitled to the relief sought, and, under the rule that a preliminary injunction will not be granted to protect a right depending on a disputed question of law, the relief prayed cannot be granted.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1477; Dec. Dig. § 689.*]

Suit by one Epstein against one Smith to compel the revocation of permits granted by the park commissioner. Relief denied.

Louis Epstein, for the motion.

Francis K. Pendleton (F. E. Pierce, of counsel), opposed.

BLANCHARD, J. The plaintiff herein prays for a mandatory injunction to compel the revocation by the park commissioner of permits granted by him to certain individuals for the purpose of erecting stands upon that portion of Central Park known as the east side of Central Park West, upon the north side of Fifty-Ninth street, between Eighth and Fifth avenues, and on Fifth avenue, between Fifty-Ninth and Fourth streets, upon the ground that no power is given him to grant such permits, where the grantees shall charge admission to them for private gain. This motion is brought on by an order to show cause, addressed to the police commissioner and the commissioner of parks, and to certain other individuals whose names are unknown to the plaintiff. Service of the order has been made only upon the commissioner of parks, and as to him service was made only by leaving an unsigned copy of the order to show cause.

The moving papers allege that the commissioner of parks has issued certain licenses to various parties purporting to permit them to erect stands at the places above mentioned, which stands incumber the sidewalks and park property of the city; that these stands will be used by the parties enjoining these licenses to the exclusion of the general public for the purpose of viewing the parade of the Hudson-Fulton Celebration; and that by reason of these acts the plaintiff, as taxpayer, will suffer loss and damage. The moving papers fail to allege that any profit has been sought by the commissioner of parks or the city of New York in the granting of such licenses, and it is not satisfactorily established that any profit has been sought by any licensee in the use of such licenses; and they further fail to allege that the plaintiff is assessed in the sum of $1,000 or more, or any of the circumstances upon which may be predicated a pecuniary loss to the plaintiff as taxpayer or to the city of New York by reason of the acts of the commissioner of parks. Greater New York Charter (Laws 1901, c. 466) § 612, as amended by Laws 1908, c. 135, provides that:

"Each commissioner shall have charge of the management and be responsible for the care of all such parks, parkways, squares and public places as

are situated in the borough or boroughs over which he has jurisdiction, and of the streets and avenues immediately adjoining the same;" that he shall have power "to institute and execute all measures for the improvement thereof for ornamental purposes and for the beneficial uses of the people of the city;" and that he shall also have power "to construct, erect and establish seats * * * when he may deem it tasteful or appropriate so to do on any part of the public streets and avenues within such environments."

Obviously the provision of law just quoted permits the erection of seats in such number and manner as the commissioner may determine for the use of the public generally. The language of the section is comprehensive, and it may well be claimed that the commissioner has, in the exercise of his discretion, the right to do under it all that it is claimed he has done. As no appropriation is available to the commissioner of parks for the erection of seats for the benefit of all the people who may desire to review the parade of the Hudson-Fulton Celebration, it would seem, under the circumstances, that the commissioner might properly delegate the right to erect seats to such persons and organizations as he may reasonably deem most peculiarly interested in the purposes of the celebration, and if no corrupt motive is shown in the exercise of his discretion, and no abuse of the right for the purpose of financial gain on the part of those persons or organizations to whom the right has been delegated, the court will not disturb the exercise of the commissioner's discretion.

The moving papers fail to disclose any corrupt motive on the part of the commissioner of parks, or any attempt at pecuniary advantage on the part of the licensees, and the answering affidavit of the commissioner of parks shows that he has been vigilant in refusing and revoking licenses to persons and organizations which sought to derive pecuniary advantage therefrom, and the answering affidavits of the licensees who have appeared herein affirmatively show that such licensees are organizations of a patriotic character, and that no pecuniary advantage is being derived from the licenses. The seats and stands complained of in the present case are of a temporary character and will continue only for several days. In this respect the present case is distinguishable from the cases relied upon by the plaintiff, in which the incumbrance was of a permanent character.

For the reasons above mentioned, the court does not feel that the plaintiff has established beyond doubt his right to the relief sought. Upon the well-settled rule that a preliminary injunction will not be granted to protect a right which depends upon a disputed question of law, the court must refuse to grant this motion. The court is influenced in this decision by the fact that, excepting the commissioner of parks, none of the parties who might be most affected by the granting of such relief has been served herein.

Motion denied.